Matter of Grace (2021 NY Slip Op 04711)





Matter of Grace


2021 NY Slip Op 04711


Decided on August 18, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2019-14296

[*1]In the Matter of Robert D. Grace, admitted as Robert Darius Grace, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Robert D. Grace, respondent. (Attorney Registration No. 2484467)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 15, 1992, under the name Robert Darius Grace. By decision and order on motion of this Court dated June 2, 2020, the respondent was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(3)(iii), before David I. Ferber, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction on July 31, 2018, of attempted endangering the welfare of a child, in violation of Penal Law §§ 110, 260.10(1), a class B misdemeanor.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Mark A. Longo of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
On March 22, 2018, in the Criminal Court of the City of New York, Kings County, the respondent was charged with attempted endangering the welfare of a child, in violation of Penal Law §§ 110, 260.10(1), a class B misdemeanor. On July 31, 2018, in the Criminal Court of the City of New York, Kings County, the respondent, upon his plea of guilty, was convicted of that charge. The respondent was sentenced to a one-year conditional discharge. He was directed to pay fines and surcharges totaling $250. In addition, he was ordered to participate in a Sexual Behavior Counseling Program administered by Applied Behavioral Sciences (hereinafter ABS) for a minimum of 6 months and a maximum of 18 months.
Pursuant to 22 NYCRR 1240.12(a), by letter dated November 5, 2019, the respondent notified the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts of his conviction. The respondent did not notify this Court of his conviction pursuant to Judiciary Law § 90(4)(c).
By affirmation dated December 17, 2019, on notice to the respondent, the Grievance Committee advised this Court of the respondent's conviction. By decision and order on motion dated June 2, 2020, the respondent was directed to show cause at a hearing, pursuant to 22 NYCRR 1240.12(c)(3)(iii), before David I. Ferber, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his misdemeanor conviction.
The Hearing 
A preliminary conference was held on July 23, 2020, and the hearing was conducted [*2]on September 17, 2020. The respondent testified that he was ashamed to admit it but he had been looking at internet pornography. He had also been chatting on an internet relay chat known as MIRC. On the day of the incident, he had a sexually explicit chat with a person who identified herself as a 13-year-old girl. At no point did he disclose his name or arrange to have any kind of meeting with this individual. Approximately two weeks later, several New York City police officers appeared at his home with a warrant. They examined his laptop, cell phone, and hard drive. They had a copy of the transcript of the conversation he had with the individual he thought was a 13-year-old girl. He admitted what he had done. He accepted responsibility for his behavior and expressed remorse.
The respondent testified that he sought professional help to examine and correct the behavior that led to his arrest. He sought to create a treatment and lifestyle to guarantee that he would not be involved in this type of behavior in the future. He engaged in talk therapy with a licensed psychologist, who had concluded that he suffered from, inter alia, depression. After he pleaded guilty, he was ordered to participate in weekly group therapy sessions administered by ABS, and he completed 52 sessions.
The respondent also provided character evidence indicating that his conduct was "aberrational" and "not consistent with his good character."
The Special Referee filed a report dated October 16, 2020, in which he concluded that the respondent had not demonstrated why a final order of discipline should not be made. The Special Referee noted that the respondent "expressed having developed a much greater awareness of his behavior and an understanding of how his behavior harms other people in addition to himself."
Findings 
The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as this Court deems just and proper. Although the respondent does not oppose the motion to confirm, he asks the Court to impose a sanction no greater than a censure and that it be privately delivered to him. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, we have considered the respondent's request that the Court consider his acknowledgment of wrongdoing, his expressed remorse, and his assurance that this conduct will not occur again, his efforts to seek psychological treatment, his completion of the counseling program through ABS and satisfaction of the conditions of his sentence, his previously unblemished record, and his favorable character evidence.
Under the circumstances of this case, we find that the respondent's misconduct warrants his suspension from the practice of law for a period of 18 months.
LASALLE, P.J. , MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Robert D. Grace, admitted as Robert Darius Grace, is suspended from the practice of law for a period of 18 months, commencing September 17, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 19, 2022. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and
provisions of the rules governing the conduct of disbarred or suspended attorneys (see id . § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Robert D. Grace, admitted as Robert Darius Grace, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id . § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and [*3]until further order of this Court, the respondent, Robert D. Grace, admitted as Robert Darius Grace, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Robert D. Grace, admitted as Robert Darius Grace, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court